BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ARUN RAO
Deputy Assistant Attorney General
GUSTAV W. EYLER
Director, Consumer Protection Branch
DAVID SULLIVAN
Senior Litigation Counsel
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 514-0516
    Facsimile: (202) 514-8742
    Email:  David.Sullivan2@usdoj.gov
E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2931
    Facsimile: (213) 894-6269
    E-mail:   Monica.Tait@usdoj.gov

Attorneys for Plaintiff          **NOTE CHANGES MADE BY COURT**
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR   LA 20 CV 4218 JFW (AFMx) |
|---|---|
| Plaintiff, | ORDER TO SHOW CAUSE WHY GEORGE MASAAKI KIMURA SHOULD NOT BE HELD IN CRIMINAL CONTEMPT |
| v. | |
| GEORGE MASAAKI KIMURA, | |
| Defendant. | |

    Plaintiff United States of America, having applied ex parte and

with notice to defendant GEORGE MASAAKI KIMURA for an order to show

cause why defendant KIMURA should not be held in criminal contempt

1   based on alleged violations of prior lawful court orders of the

2   Court, and the Court having considered the Application and any

3   response thereto,

4        Pursuant to Rule 42(a), Federal Rules of Criminal Procedure,

5   defendant GEORGE MASAAKI KIMURA is hereby ORDERED TO SHOW CAUSE why

6   he should not be held in criminal contempt in violation of 18 U.S.C.

7   § 401(3), and be punished for any such criminal contempt.   The

8   essential facts constituting the charged criminal contempt are the

9   following:

                        **COUNTS ONE THROUGH SIX**

                           [18 U.S.C. § 401(3)]

12       1.   At times relevant to this ORDER TO SHOW CAUSE:

13            a.   Defendant KIMURA was a resident of Northridge, within

14   the Central District of California.

15            b.   A "prize promotion fraud" was a plan, program,

16   promotion, or campaign that was conducted to mislead a prospective

17   victim or victims to believe that they have won, or may or will win

18   or receive, a sweepstakes, contest, lottery, prize, inheritance,

19   money, property, or other thing of value, contingent on the victim

20   providing, or providing a means of accessing or obtaining, any fee.

21            c.   A "money transmitting business" referred to an

22   individual, corporation, partnership, or any other entity, who, for a

23   fee or other remuneration, received funds from one person for the

24   purpose of transmitting the funds, or providing access to the funds,

25   to another person.

26            d.   On May 8, 2020, in the Central District of California,

27   the United States filed a complaint for injunctive relief against

28   defendant KIMURA pursuant to 18 U.S.C. § 1345, in the matter United

                                    2

1    States v. George Masaaki Kimura, 2:20-cv-04218-JFW-AFM (the "civil
2    case").  The same day, the United States lodged a proposed Stipulated
3    Order for Permanent Injunction and Final Judgment ("Injunction"),
4    agreed to and signed by defendant KIMURA and a representative of the
5    United States.
6              e.   On June 5, 2020, the Court signed and entered the
7    Injunction.  Paragraph III of the Injunction prohibited defendant
8    KIMURA from directly or indirectly engaging, participating or
9    assisting in any prize promotion fraud and money transferring
10   business.
11             f.   On June 10, 2020, defendant KIMURA signed a
12   Declaration acknowledging that the Injunction was entered by the
13   Court and that he had received a copy of the Injunction.
14             g.   On March 26, 2021, the Court presiding over the civil
15   case found defendant KIMURA in civil contempt for violating the
16   Injunction, and signed and entered an Order of Civil Contempt (the
17   "Civil Contempt Order").  Among other things, the Civil Contempt
18   Order required defendant KIMURA to submit a quarterly declaration to
19   the United States Postal Inspection Service ("USPIS"), under penalty
20   of perjury, stating that defendant KIMURA had not assisted in prize
21   promotion fraud or acted as a money transmitting business, or, in the
22   alternative, provide to the USPIS any money transmitting devices
23   defendant KIMURA had received that are connected with prize promotion
24   fraud.
25             h.   On April 8, 2021, defendant KIMURA acknowledged to a
26   United States Postal Inspector that he had received a copy of the
27   Civil Contempt Order.
28

2.   On or about the following dates, in Los Angeles County, within the Central District of California, defendant KIMURA knowingly and willfully violated a clear and definite court order, specifically, paragraph III of the Injunction, by directly and indirectly engaging, participating, and assisting in a prize promotion fraud, as described below:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| ONE | 6/16/2021 | Defendant KIMURA received at least six United States Postal Service money orders ranging in value from $620.00 to $1,000.00 from a fraud victim in a prize promotion fraud scheme, sent by the victim to pay fees to obtain lottery winnings |
| TWO | 9/9/2021 | Defendant KIMURA received approximately $800.00 from a victim in a prize promotion fraud scheme, sent by the victim to pay for taxes and fees to obtain lottery winnings |
| THREE | 10/16/2021 | Defendant KIMURA received $800.00 from a victim in a prize promotion fraud scheme, sent by the victim to pay for taxes and fees to obtain lottery winnings |

3.   On or about the following dates, in Los Angeles County, within the Central District of California, defendant KIMURA knowingly and willfully violated a clear and definite court order, specifically, the Civil Contempt Order, by knowingly and willfully failing to provide to the USPIS the following money transmitting devices he received that were connected with prize promotion fraud:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| FOUR | 6/30/2021 | Money orders described in COUNT ONE |
| FIVE | 9/28/2021 | Approximately $800.00 described in COUNT TWO |
| SIX | 12/3/2021 | Approximately $800.00 described in COUNT THREE |

//

4.    The United States Attorney for the Central District of California, or his designee, is requested to prosecute the above described contempt.

5.    Defendant KIMURA shall make his initial appearance on the above charges at a hearing before this Court on **October 14, 2022, at 8:00 a.m.** in Courtroom 7A, United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012.

6.    Trial of the above criminal contempt charges will be set at the October 14, 2022 hearing.

7. Government Counsel shall personally serve defendant Kimua with this order to show cause and all supporting documents and file a proof of service on or before October 7, 2022.

**IT IS SO ORDERED.**

September 20, 2022
_____                    _____
DATE                                        HONORABLE JOHN F. WALTER
                                            UNITED STATES DISTRICT JUDGE


Presented by:

       /s/
_____
DAVID SULLIVAN
Senior Litigation Counsel
U.S. Department of Justice
Consumer Protection Branch

MONICA E. TAIT
Assistant United States Attorney

5